## 76768. HAWES v. EMORY UNIVERSITY.
(374 SE2d 328)

POPE, Judge.

In this dispute over the use of an endowment fund, we granted interlocutory review of the trial court's grant of defendant Emory University's motion for summary judgment.

In 1974 and 1975, plaintiff Grace Steell Hawes made two "transfers" to Emory University, totaling nearly $65,000. Emory was to use the money to create the Ellington Charles Hawes Endowment Fund.

The Fund would provide scholarships to needy students meeting certain criteria.

A letter from Dr. Sanford Atwood, president of Emory University, to Hawes details the parties' understanding of the operation of the Fund. All scholarships would go to graduates of Thomson High School from McDuffie County and would be based on financial need. "First priority" was a scholarship for a music major. A "subsequent . . . or simultaneous" award would be given to a medical student. "Subsequent to the completion of the initial awards," Emory would use income from the Fund to aid students in the medical area, excluding nursing. Hawes confirmed these provisions "without correction."

Between 1977 and 1983, ten awards were made to four different students. None of the students were music majors or medical students. All were graduates of Thomson High School from McDuffie County and all were studying medical areas other than nursing. When Hawes learned how Emory was using the Fund, she demanded return of the principal and interest. Emory refused, but indicated it would endeavor to resolve the disagreement. On September 23, 1982, Hawes filed this action to regain the principal and interest of The Endowment Fund. This appeal follows the trial court's order of February 9, 1988, granting summary judgment to Emory University. *Held*:

Hawes contends the trial court erred in determining that the transactions here were in the nature of gifts. According to Black's Law Dictionary, a gift is a "voluntary transfer of personal property without consideration." *Rodgers v. Ga. Tech Athletic Assn.*, 166 Ga. App. 156, 162 (2b) (303 SE2d 467) (1983). OCGA § 13-3-42 provides, "(a) To constitute consideration, a performance or a return promise must be bargained for by the parties to a contract; (b) A performance or return promise is bargained for if it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise." Although Hawes and Emory obviously discussed the way the fund was to be used, and although Hawes obviously wanted the money to be disbursed as she had indicated in these discussions, there is no indication in the record that Hawes donated the money to Emory in order to secure Emory's promise to use it in a certain way.

"To constitute a valid inter vivos gift, . . . (1) The donor must intend to give the gift; (2) The donee must accept the gift; and (3) The gift must be delivered. . . ." OCGA § 44-5-80. The letters and receipts in the record amply support the trial court's conclusion that the donation was given, accepted, and delivered. Accordingly, the trial court did not err in granting summary judgment to Emory.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

Decided September 8, 1988 —
Rehearing denied October 17, 1988 

John W. Timmons, Jr., for appellant.
Gerald F. Handley, Peter K. Kintz, Scott Graham, for appellee.